-PS/CD-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY EDWARDS, 11B3880,

        Plaintiff,

        -v-

C. O. MR. M. CHIAPPETTA,

        Defendant.

DECISION AND ORDER
14-CV-6182G



---

## INTRODUCTION

Petitioner Anthony Edwards, a prisoner incarcerated at Collins Correctional Facility at the time this action was filed in the Eastern District of New York, has filed this action on papers intended for a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Plaintiff also filed a motion to proceed *in forma pauperis*. The Eastern District of New York determined that the papers were not a habeas petition, but, rather, seeking relief under 42 U.S.C. § 1983 (Docket No. 6), and transferred the action to this Court. The action was, however, transferred as an action under 28 U.S.C. § 2254. The New York State Department of Corrections and Community Services Inmate Locator website indicates that plaintiff is now at Franklin Correctional Facility. The Clerk of Court is directed to correct the Docket to reflect that the action is brought pursuant to 42 U.S.C. § 1983, that the defendant's name is C.O. Mr. M. Chiappetta, and that the plaintiff's address is Franklin Correctional Facility.

## DISCUSSION

Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"),

which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The Court, rather than require a prisoner to obtain a certified copy of his inmate trust fund account statement, permits a prisoner to have prison officials complete and sign a Prison Certification, which is included within the Court's form motion to proceed *in forma pauperis*. The Prison Certification requires prison officials to set forth the information noted in the inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2).

The PLRA also requires a prisoner who seeks to proceed *in forma pauperis* to submit a signed Prison Authorization authorizing the institution in which the prisoner is confined to pay the full $350.00 fee. 28 U.S.C. § 1915(b)(1)-(4). Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions). *See also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, plaintiff has failed to submit both a signed Prison Authorization authorizing the institution in which he is confined to pay the full amount of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1)-(4), **and** a motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification pursuant to 28 U.S.C. § 1915(a)(2).

## CONCLUSION

For the reasons set forth above, plaintiff's application for leave to proceed *in forma pauperis* will be denied without prejudice, and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open within 30 days.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Board of Education*, 45 F.3d 161, 163 (7th Cir. 1995).

## ORDER

IT IS HEREBY ORDERED that plaintiff's application to proceed *in forma pauperis* is hereby DENIED, without prejudice;

FURTHER, that the Clerk of the Court is directed to send to plaintiff a new form motion to proceed *in forma pauperis* **and** Prison Authorization Form **and** a copy of this action and forms to file a § 1983 action;

FURTHER, that the Clerk of Court is directed to correct the Docket to reflect that the action is brought pursuant to 42 U.S.C. § 1983, and that the defendant's name is C.O. Mr. M. Chiappetta;

FURTHER, that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee;

FURTHER, that if plaintiff wishes to reopen this action, he shall so notify the Court, in writing, no later than **May 27, 2014**; plaintiff's writing shall include either (1) a signed Prison Authorization **and** new motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $400.00 filing fee;

FURTHER, that upon plaintiff's submission of either (1) a signed Prison Authorization **and** new motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $400.00 filing fee, the Clerk of the Court shall re-open this case.

SO ORDERED.

Dated: April 21, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge